Isabella Eldridge (Utah Bar No. 19517)
BLUERIBBON COALITION, INC
PO Box 76
New Plymouth, ID 83655
Telephone: (405) 464-9060
Email: bella.eldridge@blueribboncoalition.org

*Attorney for BlueRibbon Coalition, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION, SOUTHERN REGION

| | |
|---|---|
| BLUERIBBON COALITION, INC.; SAGE RIDERS MOTORCYCLE CLUB; and PAUL WELLS<br><br>    Plaintiffs,<br><br>vs.<br><br>BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF THE INTERIOR<br><br>    Defendants. | Civil No. 4:25-cv-00022-DN<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO SOUTHERN UTAH WILDERNESS ALLIANCE'S MOTION TO INTERVENE**<br><br>Judge David Nuffer |

Plaintiffs Blueribbon Coalition, Inc., Sage Riders Motorcycle Club, and Paul Wells (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby oppose the Motion to Intervene filed by Proposed Defendant-Intervenor Southern Utah Wilderness Alliance ("Movant").[1] ECF No. 10 (the "Motion").

## RELIEF SOUGHT AND GROUNDS THEREFOR

Plaintiffs respectfully request that the Movant's Motion be denied on the following grounds: First, the Movant and Federal Defendants share the same goal: the upholding of the San

---

[1] Named Defendants, the U.S. Department of the Interior and the Bureau of Land Management, will be referred to collectively as the "Federal Defendants."

1

Rafael Swell Travel Management Plan ("TMP"). See Bureau of Land Management, *Decision Record: San Rafael Swell Travel Management Plan*, DOI-BLM-UT-G020-2019-0019-EA (Dec. 2024) ("DR"). Second, the Federal Defendants adequately represent any interest the Movant may have in upholding the TMP. Third, if Plaintiffs are successful, Federal Defendants are required to solicit public comments from interested persons regarding another travel management plan. At that time, Movant will have full opportunity to express its position. Permitting intervention at this point will only result in duplication of effort, undue delay, and a drain on the parties' and the Court's resources. Accordingly, the Movant is not entitled to intervene as a matter of right.

## FACTUAL BACKGROUND

On December 31, 2024, the Bureau of Land Management ("BLM") issued the DR, a Finding of No Significant Impact ("FONSI"), and an Environmental Assessment ("EA")[2] that adopted a new travel plan in the San Rafael Swell Travel Management Area ("TMA"). The new TMP closed 665 miles of routes to motorized recreation in the San Rafael Swell TMA. The TMA consists of 1,314,325 acres of land located in Emery County, Utah, with 1,149,016, or 87%, of those acres being managed by BLM's Price and Richfield Field Offices. EA at 5. The TMA is home to stunning landscapes consisting of mesas, rivers, beautiful red rocks, and more.

The TMA historically has "high levels of recreation visitation" and is one of the region's "most well-known and popular scenic attractions." EA at 3, 4. It has become a haven for motorized recreation, remaining one of the very few areas not subject to restrictive management

---

[2] See Bureau of Land Management, *San Rafael Swell Travel Management Plan Environmental Assessment*, DOI-BLM-UT-G020-2019-0019-EA (Dec. 2024); Bureau of Land Management, *Finding of No Significant Impact*, DOI-BLM-UT-G020-2019-0019-EA (Dec. 2024); Bureau of Land Management, *San Rafael Swell Travel Management Plan Decision Record*, DOI-BLM-UT-G020-2019-0019-EA (Dec. 2024). These documents are available on BLM's website: https://eplanning.blm.gov/eplanning-ui/project/1500146/570

practices found in the surrounding national monuments, national parks, critical habitats, and wilderness areas.

However, OHV access in the TMA has been rapidly shrinking for decades. The current travel network dates back to the 2008 Price and Richfield Field Office Records of Decision and Approved Resource Management Plans, which closed hundreds of miles to motorized recreation.[3] After litigation regarding the 2008 RMPs, Federal Defendants agreed in 2017 to issue new travel management plans for 13 different travel management areas, including the San Rafael Swell TMA. *See* ECF No. 1, Ex. B at B-2. Then, in 2019, Congress passed the Dingell Act[4] which declared 32% of the entire TMA as congressionally protected wilderness where motorized recreation is now forbidden.

The TMP was meant to be chosen from four alternative travel plans explained in the EA. Instead, the final DR chose a hybrid alternative that "in part" responded to comments while also "prioritizing protection" of natural resources. DR at DR-5. This alternative closed 207 more miles than the "multiple use emphasis" alternative, Alternative C. This is despite the EA recognizing that all four alternatives are "in conformance" with BLM's management directives. EA at 5.

Subsequent to the BLM's issuance of the DR, FONSI, and EA, Plaintiffs filed their Complaint, raising concerns that the TMP violates the Dingell Act, involves decisions made on arbitrary and capricious grounds, and contravenes the National Environmental Policy Act ("NEPA"). Plaintiffs also raised the issue of the new Council on Environmental Quality ("CEQ")

---

[3] *See* Bureau of Land Management, *Price Field Office Record of Decision and Approved Resource Management Plan* at 113-114 (Oct. 2008) (Price RMP); Bureau of Land Management, *Richfield Field Office Record of Decision and Approved Resource Management Plan* at 126. Available at https://eplanning.blm.gov/eplanning-ui/project/67041/570 and https://eplanning.blm.gov/eplanning-ui/project/68293/570
[4] *See* 16 U.S.C.§ 1132 et seq.

precedent out of the 10th Circuit[5], along with release of an interim rule that removed CEQ's regulations implementing NEPA.[6]

## LEGAL STANDARD

Non-parties may intervene as of right if: (1) "the application is timely;[7] (2) the applicant[s] claim[] an interest relating to the property or transaction which is the subject of the action; (3) the applicant[s'] interest may as a practical matter be impaired or impeded; and (4) the applicant[s'] interest is [not] adequately represented by existing parties." *W. Energy Alliance v. Zinke*, 877 F.3d 1157, 1165 (10th Cir. 2017) (quoting *Unites States v. Albert Inv. Co.*, 585 F.3d 1386, 1390 (10th Cir. 2009) (alterations in *Zinke*). Movant bears the burden of showing all four elements. *See id*

## ARGUMENT

The Movant has failed to demonstrate a legally protectable interest in this action, which is a necessary condition for intervention as a matter of right under Rule 24(a). Rather than establishing such an interest, the Movant presents generalized concerns and focuses on proposed legislation. Motion at 8, 9. Regardless of the strength of these concerns, they do not constitute the legally cognizable interest required by Rule 24(a). The 10th Circuit has made clear that the interest must be "direct, substantial, and legally protectable."[8] Movant must also "specify a particularized interest in the litigation and may not 'raise interests or issues that fall outside of the issues raised' by the parties."[9] And, "(a)n undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of

---

[5] *See Marin Audubon Society v. FAA, No. 23-1067 (D.C. Cir. 2024).*
[6] *See* https://ceq.doe.gov/docs/laws-regulations/CEQ-Interim-Final-Rule-Pre-publication-Version.pdf
[7] Plaintiffs do not contest that the application is timely.
[8] *See Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Dept. of the Interior*, 100 F.3d 837, 841 (10th Cir. 1996) (quoting *Vermejo Park Corp. v. Kaiser Coal Corp.*, 998 F.2d 783 (10th Cir. 1993))
[9] *See Ctr. for Biological Diversity v. United States B.L.M.*, 2020 U.S. Dist. LEXIS 188194, No. 19-cv-02869, at *8 (D. Col. April 20, 2020) (quoting *Am. Ass'n of People with Disabilities*, 257 F.R.D. 236, 246 (D. N.M. 2008).

right."[10] Movant's focus on proposed legislation[11] and other resources is undoubtedly a generalized interest in the outcome of this action. Motion at 8, 9. Accordingly, failing to show sufficient interest also means that Movant has failed to meet the third prong of the intervention standard, as there is no interest to be impaired.

Assuming Movant could demonstrate a legally protectable interest that may be impaired in this action they have not met their burden of demonstrating inadequate representation of their interests by Federal Defendants, as this motion has been brought so early in the action that the allegations made are based on conjecture. There is no evidence that Federal Defendants will not defend with zeal its administrative decisions which Movant *supports.* In fact, in Movant's own words, "one thing [BLM] did right was not opening roughly 650 miles of so-called 'routes' in the Swell to motorized vehicles."[12]  And that "the San Rafael Swell TMP and Decision Record minimizes the threat of OHV-caused damage. . ."[13] Motion at 10. And the 10th Circuit has made clear that "[R]epresentation is *adequate* 'when the objective of the applicant for interventions is identical to that of one of the parties."[14]

Movant appears to believe that their objective of "defending certain aspects of the TMP" while simultaneously "advocating for greater protections"[15] creates a potential conflict of interests with the Federal Defendants, resulting in inadequate representation. This belief is both inaccurate and irrelevant, as the expansion of protection falls outside the scope of this action.

---

[10] *Id.*
[11] America's Red Rock Wilderness Act has been introduced many times in the House of Representatives since 1989 with no success.
[12] *See* Southern Utah Wilderness Alliance, *SUWA Statement on Litigation Over the Final San Rafael Swell Travel Management Plan,* available at: https://suwa.org/suwa-statement-on-litigation-over-the-final-san-rafael-swell-travel-management-plan-3-6-25/ (Mar. 6, 2025)
[13] *Id.*
[14] *See San Juan County v. United States*, 503 F.3d 1163, 1205 (10th Cir. 2007) (quoting *City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th. Cir. 1996)
[15] *See* Motion at 7.

The focus of this proceeding is on either vacating or upholding the TMP, a position with which the Movant has expressly agreed in advocating for its upholding, as previously outlined.

As such, Movant's reliance on cases that point to Federal Defendants' duty to "balance competing interests" is unfitting. Motion at 11. (citing *Zinke*, 877 F.3d 1157, and *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246 (10th Cir. 2001). *Zinke* and *Clinton*, which Movant relies on, "do[] not apply . . . when interests are aligned."[16] Movant's assertion that their past disagreements with the Federal Defendants could potentially lead to a conflict in the current action does not establish a presumption of inadequate representation.

Movant has not met its burden to show that Federal Defendants will not adequately represent its identical objective: upholding the TMP. Granting the Motion will needlessly result in duplicative efforts by the parties and the Court.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Movant's Motion to Intervene.

Dated this 12th day of March 2025.

BLUERIBBON COALITION, INC.

*/s/ Isabella Eldridge*
*Attorney for Plaintiffs*

---

[16] *See San Juan County*, 503 F.3d at 1204 (explicitly choosing not to apply *Clinton*).

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of March 2025, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court for the District of Utah by using the CM/ECF system, which will serve a copy of the same on all counsel of record.

*/s/ Isabella Eldridge*
Isabella Eldridge