Stephen H.M. Bloch (# 7813)
Laura Peterson (# 16135)
Hanna Larsen (# 18458)
SOUTHERN UTAH WILDERNESS ALLIANCE
425 East 100 South
Salt Lake City, Utah 84111
Telephone: (801) 486-3161
steve@suwa.org
laura@suwa.org
hanna@suwa.org

*Attorneys for Proposed Defendant-Intervenor
Southern Utah Wilderness Alliance*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH
CENTRAL DIVISION, SOUTHERN REGION

| | |
|---|---|
| **BLUERIBBON COALITION, INC.** *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>**BUREAU OF LAND MANAGEMENT**, *et al.*,<br><br>    Defendants,<br><br>and<br><br>**SOUTHERN UTAH WILDERNESS ALLIANCE**,<br><br>    Proposed Defendant-Intervenor. | Case No. 4:25-cv-00022-DN<br><br>**SUWA REPLY IN SUPPORT OF MOTION TO INTERVENE**<br><br>Judge David Nuffer |

# INTRODUCTION

The legal issues before the Court are straight forward and guided by well-established Tenth Circuit Precedent. Southern Utah Wilderness Alliance (SUWA) filed a Motion to Intervene[1] in response to Plaintiffs' lawsuit challenging the Bureau of Land Management's (BLM) recently finalized San Rafael Swell Travel Management Plan (TMP). Plaintiffs' Complaint asks this court to "[h]old unlawful and set aside the San Rafael Swell Travel Management Plan," issue a preliminary injunction enjoining implementation of the Plan,[2] and issue a permanent injunction against Federal Defendants from enforcing the Plan.[3] Plaintiffs oppose SUWA's Motion to Intervene.[4] Federal Defendants take no position on the Motion.[5]

Plaintiffs argue that SUWA has not shown an interest sufficient to intervene and that SUWA is adequately represented by the Federal Defendants.[6] These arguments are easily rejected: SUWA has met each of Federal Rule 24(a)'s requirements. Pursuant to Rule 24(a) and Tenth Circuit precedent, SUWA is entitled to intervene as of right.

# ARGUMENT

### I.   SUWA Has Demonstrated a Legally Protectable Interest Sufficient to Support Intervention under 24(a).

Plaintiffs contend SUWA has not demonstrated an interest sufficient for intervention and instead asserted "generalized concerns and focused on proposed legislation."[7] This argument is

---

[1] ECF No. 10.
[2] ECF No. 4.
[3] Compl. 21, ECF No. 1.
[4] Pls. Mem. in Opp'n to SUWA Mot. to Intervene, ECF No. 13 (BRC Opp'n).
[5] *See* Defs.' Resp. to Mot. to Intervene, ECF No. 16.
[6] *See* BRC Opp'n 4-6.
[7] *Id.* at 4-5.

both inaccurate and ignores the Declaration of Ray Bloxham that SUWA filed in support of its Motion to Intervene and which details SUWA's decades-long interest and work to protect the greater San Rafael Swell.[8]

As an initial matter, "[t]he *interest* element [of Rule 24(a)] is a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process;" it is not a high threshold, but rather a practical one meant to bring all parties with an interest to the litigation.[9] Here, SUWA has a protectable interest in the federal public lands at issue in Plaintiffs' lawsuit; an interest that "would be impeded by the disposition of the action."[10] Plaintiffs cite to the "direct, substantial, and legally protectable" or "DSL" test to argue that SUWA does not have a legally-protected interest.[11] The Tenth Circuit has expressly rejected this test.[12] Instead, whether a proposed intervenor has an interest sufficient to warrant intervention is a fact-specific determination that an intervenor has "an interest that could be adversely affected by the litigation."[13] SUWA easily meets that test.

---

[8] *See generally* SUWA Mot. to Intervene Ex. 1 (Decl. of Ray Bloxham), ECF No. 10-1.
[9] *See* WildEarth Guardians v. Nat'l Park Serv., 604 F.3d 1192, 1198 (10th Cir. 2010) (internal quotation marks omitted) (emphasis in original). *See also* Utah Ass'n of Cntys. v. Clinton (UAC), 255 F.3d 1246, 1251-52 (quoting Coal. of Ariz./N.M. Cntys. for Stable Econ. Growth v. Dep't of Interior, 100 F.3d 837, 841 (10th Cir. 1996)) ("the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process").
[10] W. Energy All. v. Zinke (Zinke), 877 F.3d 1157, 1165 (10th Cir. 2017) (internal quotation marks and citation omitted).
[11] *See* BRC Opp'n 4-5.
[12] *See* San Juan Cnty. v. United States, 503 F.3d 1163, 1193-99 (10th Cir. 2007) (en banc) ("[T]he DSL test misses the point.").
[13] *Id.* at 1199.

SUWA is dedicated to the protection and preservation of wilderness-quality lands in Utah.[14] It works to prevent damage to natural and cultural resources, including preventing and minimizing damage from off-road vehicles (ORVs).[15] SUWA and its members regularly visit the public lands within the San Rafael Swell Travel Management Area and have been harmed by ORV use and related damage from that use, including harm to their recreational, aesthetic, scientific and informational interests.[16] SUWA has advocated for decades for BLM to prevent and minimize ORV damage within the San Rafael Swell.[17] SUWA defended BLM's 2003 San Rafael Route Designated Plan from administrative and federal court challenge.[18] SUWA challenged the 2008 Price Resource Management Plan, the 2008 Richfield Resource Management Plan, and step-down travel plans that together designated more than 5,000 miles of dirt roads and trails for ORV use—litigation that was settled and ultimately led to the travel plan at issue here.[19] SUWA engaged in BLM's San Rafael Swell travel planning process, submitting comments at the scoping, preliminary alternatives and draft plan phases and encouraging its members and supporters to do the same.[20] The declaration of SUWA member Ray Bloxham details particular harms that motorized use in this area has caused.[21] BLM's final San Rafael Swell TMP closes certain routes to ORVs where that use has been shown to, among other things, damage natural and cultural resources.[22]

---

[14] Bloxham Decl. ¶¶ 4-6.
[15] *Id.* ¶¶ 4-6, 9-10.
[16] *Id.* ¶¶ 7-8, 12-16.
[17] *Id.* ¶¶ 9-10; *see also* SUWA Mot. to Intervene 4, 9.
[18] Bloxham Decl. ¶ 9.
[19] *Id.*
[20] *Id.* ¶ 10.
[21] *Id.* ¶¶ 13-16.
[22] *Id.* ¶¶ 13, 16.

Taken together, SUWA's environmental concern, work to protect public lands within the San Rafael Swell area and persistent record of advocacy for the protection of these lands from motorized vehicle damage clearly demonstrate its interest under Rule 24(a).[23]

Plaintiffs make only a passing argument that SUWA's interests would not be impaired by a decision setting aside the San Rafael Swell TMP, contending that SUWA has no interest in the first place.[24] Not so. An order by the Court invalidating the Plan would revive the harms prevented by the San Rafael Swell TMP and thus impair SUWA's interests.[25]

II.     **Federal Defendants Do Not Adequately Represent SUWA's Interests**

Plaintiffs allege that Federal Defendants adequately represent SUWA's interests in the litigation, citing to statements in SUWA's Motion to Intervene indicating that SUWA supports certain aspects of the San Rafael Swell TMP.[26] Plaintiffs misapprehend the test for adequacy of representation under Rule 24(a). The relevant question is not whether SUWA and Federal

---

[23] *See Zinke*, 877 F.3d at 1165; *UAC*, 255 F.3d at 1252; *Coal. of Ariz./N.M. Cntys.*, 100 F.3d at 840-842.
[24] BRC Opp'n 5.
[25] Bloxham Decl. ¶¶ 16-17; *see also* SUWA Mot. to Intervene 9-10; *Zinke*, 877 F.3d at 1167 ("[The impairment] factor is met in environmental cases where the district court's decision would require the federal agency to engage in an additional round of administrative planning and decision-making that itself might harm the movants' interests, even if they could participate in the subsequent decision-making."); *UAC*, 255 F.3d at 1254 (finding possible impairment to proposed intervenor's interests despite the opportunity to participate in the formulation of a revised land use plan).
[26] *See* BRC Opp'n 5-6.

Defendants have the same litigation objective, but rather whether Federal Defendants can represent SUWA's focused interests in wilderness protection.[27] They cannot.

The burden to show that Federal Defendants do not adequately represent SUWA's interest is minimal; SUWA "must show only the possibility that representation may be inadequate."[28] The Tenth Circuit has repeatedly held that government representation of the wider public interest "cannot be assumed to be identical to the individual parochial interest of a particular member of the public merely because both entities occupy the same posture in the litigation."[29] That is the case here as well.

SUWA and Federal Defendants do not have identical interests. In the context of travel planning, BLM has to consider a broad spectrum of views, must generally manage lands under multiple use requirements and must comply with regulations requiring the agency to minimize (but not eliminate) damage to natural and cultural resources.[30] SUWA, on the other hand, is particularly focused on protecting wilderness-quality lands and preventing damage to natural and

---

[27] *See, e.g.*, *WildEarth Guardians,* 604 F.3d at 1200 ("We have repeatedly recognized that it is on its face impossible for a government agency to carry the task of protecting the public's interest and the private interests of a prospective intervenor.") (internal quotation marks omitted); *Coal. of Ariz./N.M. Cntys.*, 100 F.3d at 845 (same); *cf. Kane Cnty. v. United States*, 928 F3d. 877, 894-95 (10th Cir. 2019) (focusing on scope of rights-of-way and finding inadequate representation in Quiet Title Act case where government's "broad-ranging" interests were not identical to intervenor's narrower interests). *But see* BRC Opp'n 5 (inaptly citing *San Juan County v. United States*, a Quiet Title Act intervention decision focused on "title" of the alleged right of way at issue).
[28] *WildEarth Guardians*, 604 F.3d at 1200.
[29] *Zinke*, 877 F.3d at 1168 (quoting *UAC*, 255 F.3d at 1255-56); *see also Coal. of Ariz./N.M. Cntys.*, 100 F.3d at 845-46 (listing cases where courts held that governments would not adequately represent intervenor's interests because of the government's duty to represent the interests of the general public).
[30] Bureau of Land Mgmt., *Decision Record, San Rafael Swell Travel Management Plan*, DOI-BLM-UT-G020-2019-0019-EA 5-6 (Dec. 2024) (Decision Record).

cultural resources.[31] Moreover, throughout the travel planning process, SUWA advocated for BLM to close additional routes in proposed wilderness and throughout the travel management area.[32] The agency declined to do so, instead selecting an alternative "that add[ed] more motorized access in parts of the TMA."[33]

Finally, there is no guarantee that BLM's position regarding the San Rafael Swell travel management plan will not shift during the course of this litigation.[34] The chances of a shift in agency policy and decision-making are higher in a case like this one where the travel plan was adopted in one presidential administration but will be defended in another presidential administration with decidedly different policy objectives.[35]

In sum, Federal Defendants and SUWA do not have identical interests and thus Federal Defendants do not and cannot represent SUWA's focused interest in the litigation.

## CONCLUSION

SUWA's motion to intervene is easily resolved. SUWA has a legally-protectable interest in the litigation that would be impaired by a decision setting aside or remanding the San Rafael

---

[31] Bloxham Decl. ¶¶ 4-5.
[32] *See, e.g.*, SUWA, Action Alert, *Speak Up for the San Rafael Swell!* (June 1, 2024), https://suwa.org/speak-up-for-the-san-rafael-swell/ (last visited March 18, 2025) (asking members and supporters to submit comments on the San Rafael Swell TMP encouraging BLM to select Alternative B, which would have designated 1,191 miles of routes for ORV use).
[33] Decision Record at 5; *see Zinke*, 877 F.3d at 1168 ("If the agency and the intervenors would only be aligned if the district court ruled in a particular way, then a possibility of inadequate representation exists.").
[34] *UAC*, 255 F.3d at 1256 (granting intervention and noting that "it is not realistic to assume that the agency's programs will remain static or unaffected by unanticipated policy shifts") (citation omitted).
[35] *See, e.g.*, *Zinke*, 877 F.3d at 1169 (noting that a change in presidential administration also changed BLM's position in litigation involving a regulation promulgated by the previous administration).

Swell TMP and SUWA's interests are not adequately represented by the Federal Defendants. Moreover, SUWA's Motion is timely and SUWA has shown that its interests may be impaired by a decision in Plaintiffs' favor. Accordingly, SUWA has met the standard to intervene as of right pursuant to Rule 24(a). SUWA respectfully requests that the Court grant its Motion to Intervene.

Respectfully Submitted this 18th day of March, 2025.

/s/ Laura Peterson
Laura Peterson
Stephen Bloch
Hanna Larsen

Attorneys for Proposed Defendant-Intervenor
Southern Utah Wilderness Alliance