THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BLUERIBBON COALITION, INC.; SAGE RIDERS MOTORCYCLE CLUB; and PAUL WELLS,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF LAND MANAGEMENT; U.S. DEPARTMENT OF THE INTERIOR,<br><br>Defendants,<br><br>and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>Intervenor-Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO INTERVENE**<br><br>Case No. 4:25-cv-00022-DN<br><br>District Judge David Nuffer |

This case involves challenges to Defendant Bureau of Land Management's ("BLM")—an agency within the United States Department of the Interior ("DOI")—2024 San Rafael Swell Travel Management Plan Environmental Assessment and its associated Decision Record (DOI-BLM-UT-G020-2019-0019-EA) (collectively referred to as the "2024 San Rafael Swell Travel Management Plan") issued on December 31, 2024.[1] These challenges are made under the Administrative Procedure Act, the National Environmental Policy Act, and the Dingell Act.[2] The Southern Utah Wilderness Alliance ("SUWA"), a nonprofit conservation organization, has

---

[1] Complaint, ¶¶ 1, at 56–75, docket no. 1, filed March 5, 2025.

[2] *Id.* at ¶ 8.

sought intervention as a party defendant.[3] SUWA seeks to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2).[4] Plaintiffs BlueRibbon Coalition, Inc., Sage Riders Motorcycle Club, and Paul Wells (collectively, "Plaintiffs") opposes SUWA's intervention.[5] Federal Defendants, the BLM and DOI, take no position on SUWA's intervention.[6]

Because SUWA timely sought intervention and has protectable interests in the litigation that may be impaired, which interests are not adequately represented, the Motion to Intervene is GRANTED.

## DISCUSSION

The Tenth Circuit has "historically taken a liberal approach to intervention and thus favors the granting of motions to intervene."[7] A non-party may intervene in a pending action as of right if: (1) the non-party timely seeks intervention; (2) the non-party asserts an interest relating to the property or transaction which is the subject of the case; (3) the non-party's interest may as a practical matter be impaired or impeded; and (4) the non-party's interest is not adequately represented by the existing parties.[8] Here, SUWA has met each element.

### I.    SUWA's intervention is timely

"The timeliness of a motion to intervene is assessed 'in light of all the circumstances, including the length of time since the [non-party] knew of [its] interest in the case, prejudice to the existing parties, prejudice to the [non-party], and the existence of any unusual

---

[3] [Proposed Intervenor-Defendant's] Motion to Intervene and Memorandum in Support ("Motion to Intervene"), docket no. 10, filed March 10, 2025.

[4] *Id*. at 2, 7–8.

[5] Plaintiffs' Opposition to Southern Utah Wilderness Alliance's Motion to Intervene ("Response"), docket no. 13, filed March 12, 2025.

[6] [Federal] Defendants' Response to Motion to Intervene, docket no.16, filed March 17, 2025.

[7] *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (internal quotations omitted).

[8] *Id*.; Fed. R. Civ. P. 24(a).

circumstances.'"[9] "The analysis is contextual; absolute measures of timeliness should be ignored."[10] "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to [seek intervention] sooner."[11]

SUWA filed its Motion to Intervene on March 10, 2025,[12] approximately five days after Plaintiffs filed their complaint. Full briefing on the Motion to Intervene was completed within approximately 13 days of the filing of the Complaint.[13] No scheduling order has been entered because Plaintiffs' Motion for Relief Under 5 U.S.C. § 705, or Alternatively, for a Preliminary Injunction is pending.[14] Clearly this Motion to Intervene will not cause delay of any consequence. The case is in its early procedural stages, and SUWA's intervention will not necessitate any changes in deadlines. There is no prejudice to the existing parties because the Motion to Intervene and briefing was completed within two weeks of the case initiating. Therefore, the Motion to Intervene is timely under the circumstances.

## II.  SUWA has legally protectable environmental interests in the litigation that may be impaired

The interest element of intervention is a "highly fact-specific determination,"[15] and "a practical guide to disposing of lawsuits by involving as many apparently *concerned* persons as is

---

[9] *Utah Ass'n of Counties. v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (quoting *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984)).

[10] *Id.* (internal quotations omitted).

[11] *Id.* (internal quotations omitted).

[12] Motion to Intervene.

[13] SUWA Reply in Support of Motion to Intervene, docket no. 17, filed March 18, 2025.

[14] Docket no. 4, filed March 6, 2025 (noting that the amended scheduling order entered March 25, 2025, docket no. 20, includes SUWA in the briefing deadline and on April 10, 2025 SUWA filed its response, *see* docket no. 24).; *see* DUCivR 7-4 which provides the scheduling procedure for actions seeking judicial review of administrative agency decisions.

[15] *Zinke*, 877 F.3d at 1165.

compatible with efficiency and due process."[16] "The [non-party's] claimed interest is measured in terms of its relationship to the property or transaction that is the subject of the action, not in terms of the particular issue before the district court."[17] "[T]he interest must be 'direct, substantial, and legally protectable.'"[18] And "[a] protectable interest is one that would be impeded [or impaired] by the disposition of the action."[19] "[T]he question of impairment is not separate from the question of existence of an interest."[20] Impairment "presents a minimal burden" where the non-party "must show only that impairment of its substantial legal interest is possible if intervention is denied."[21]

In *Zinke*, the Tenth Circuit has "declared it indisputable that a prospective intervenor's environmental concern is a legally protectable interest."[22] The Tenth Circuit further explains that whether a party will be impaired or impeded by the pending litigation "is met in environmental cases where the district court's decision would require the federal agency to engage in an additional round of administrative planning and decision-making that itself might harm the movants' interests, even if they could participate in the subsequent decision-making."[23]

Here, SUWA asserts an interest in the land in question because of their previous involvement and participation in litigation that required the BLM to prepare a new travel

---

[16] *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010) (emphasis added) (quoting *San Juan County v. United States,* 503 F.3d 1163, 1195 (10th Cir. 2007) (en banc) abrogated on other grounds by *Hollingsworth v. Perry*, 570 U.S. 693, 133 S.Ct. 2652, 2659–65, 186 L.Ed.2d 768 (2013)).

[17] *Id*.

[18] *Clinton,* 255 F.3d at 1251 (quoting *Coal. of Arizona/New Mexico Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996)).

[19] *Zinke,* 877 F.3d at 1165 (quoting *San Juan Cty.,* 503 F.3d at 1203).

[20] *Clinton,* 255 F.3d at 1253 (quoting *Nat. Res. Def. Council, Inc. v. U.S. Nuclear Regul. Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978)).

[21] *WildEarth Guardians,* 604 F.3d at 1199 (10th Cir. 2010).

[22] *Zinke,* 877 F.3d at 1165 (quoting *WildEarth Guardians*, 604 F.3d at 1198).

[23] *Id.*

management plan for the land in question.[24] As a result of that plan process, the 2024 San Rafael Swell Travel Management Plan came into existence.[25] SUWA asserts that it has "submitted comments at every stage of the public planning process leading up to the final travel plan."[26] Additionally, SUWA asserts an interest because the land in question is used by its members and staff for recreational, aesthetic, scientific, informational, and other environmental exploration and activities.[27] Specifically, SUWA and its members assert a significant interest in the land in question because of their decades-long advocacy for the land in question, including the prevention of off-road vehicle use disturbing the land's natural state.[28]

These interests are substantial and directly related to non-motorized access, motorized access, and route closures dictated in the San Rafael Swell Travel Management Plan that Plaintiffs challenge in this case.[29] Plaintiffs' Complaint has many references to the previous litigation relating to the San Rafael Swell Travel Management Plan, which was SUWA-led with Plaintiff BlueRibbon as an intervenor.[30] If Plaintiffs were to obtain the relief they request in their challenges, the BLM and DOI would return to the administrative decision-making process. This potential result is sufficient to impair SUWA's interests for the purpose of intervention:

> [T]he interest[s] of a prospective defendant-intervenor may be impaired where a decision in the plaintiff's favor would return the issue to the administrative decision-making process, notwithstanding the prospective intervenor's ability to participate in formulating any revised rule or plan. The mere availability of alternative forums is not sufficient to justify denial of a motion to intervene

---

[24] Motion to Intervene at 9; *see* Complaint at Exhibit B-2, docket no. 1-2, Settlement Agreement in *Southern Utah Wilderness Alliance, et al. v. U.S. Department of the Interior, et al.*, Case No. 2:12-cv-257-DAK.

[25] Motion to Intervene at 9.

[26] *Id.* at 7.

[27] *Id.* at 3–7; *see also id.* at Exhibit A, Declaration of Ray Bloxham, ¶¶5–8, docket no. 10-1.

[28] *Id.* at 4.

[29] Complaint ¶¶ 5–7, at 3.

[30] *Id.* at ¶ 12.

because at most, participating in a new proceeding would not provide the level of protection to the intervenors' interests that the current plan offers.[31]

Therefore, SUWA has a protectable interest in the litigation that may be impaired.

### III.     SUWA's interests are not adequately represented by the existing parties

"Although [a non-party seeking] intervention as of right bears the burden of showing inadequate representation, that burden is the minimal one of showing that representation may be inadequate."[32] "To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied."[33] "The possibility that the interests of the [non-party] and the parties may diverge 'need not be great' in order to satisfy this minimal burden."[34] "The movant must show only the *possibility* that representation may be inadequate."[35]

In the Tenth Circuit, a presumption of adequate representation arises "if a case presents only a single issue on which the agency's position is quite clear, and no evidence suggests that position might be subject to change in the future, then representation may be adequate."[36] However, the BLM, in this case, is a federal agency,[37] which "must represent the public interest."[38] "In litigating on behalf of the general public, the government is obligated to consider a broad spectrum of views, many of which may conflict with the particular interest of the would-

---

[31] *WildEarth Guardians*, 604 F.3d at 1199 (quoting *Clinton*, 255 F.3d at 1254); *see also Zinke*, 877 F.3d at 1167.

[32] *Clinton*, 255 F.3d at 1254.

[33] *Id*. at 1253.

[34] *Id*. (quoting *Nat. Res. Def. Council, Inc. v. U.S. Nuclear Regul. Comm'n*, 578 F.2d 1341, 1346 (10th Cir. 1978)).

[35] *WildEarth Guardians*, 604 F.3d at 1200 (emphasis added).

[36] *Zinke*, 877 F.3d at 1168.

[37] Complaint ¶ 15 at 5.

[38] *Zinke*, 877 F.3d at 1168.

be intervenor."[39] The Tenth Circuit does not "assume that the government agency's position will stay 'static or unaffected by unanticipated policy shifts.'"[40] Therefore, the "presumption [of adequate representation is] rebutted by the fact that the public interest the government is obligated to represent may differ from the would-be intervenor's particular interest."[41]

While there is some potential that SUWA and the BLM will have the same overarching objective in the litigation, i.e., the dismissal of Plaintiffs' claims, the public interests they represent are not the same. And a possibility exists that these interests may diverge. The Tenth Circuit explains that "[t]he BLM 'has multiple objectives' in managing oil and gas leasing, as under the multiple-use mandate, it is required to balance wide-ranging and often conflicting interests."[42] These objectives are also tenuous with each change in executive branch administration: "the change in the Administration raises 'the possibility of divergence of interest' or a 'shift' during litigation."[43]

This divergence is explicitly identified as fact in support of Plaintiffs' Complaint as they reference Executive Order 14154 signed by President Trump as a shift in policy, which among other directives, directs the review of agency regulations that potentially burden the development of oil and gas resources on public lands.[44] The divergence has already started. Therefore, SUWA's interests are not adequately represented by the existing parties.

---

[39] *Id.*

[40] *Id.* (quoting *Clinton,* 255 F.3d at 1256).

[41] *Clinton,* 255 F.3d at 1255.

[42] *Zinke,* 877 F.3d at 1169.

[43] *Clinton,* 255 F.3d at 1255.

[44] Complaint ¶ 5, at 3; *see* Exec. Order No. 14154 ("The heads of all agencies shall review all existing regulations, orders, guidance documents, policies, settlements, consent orders, and any other agency actions (collectively, agency actions) to identify those agency actions that impose an undue burden on the identification, development, or use of domestic energy resources — with particular attention to oil, natural gas, coal, hydropower, biofuels, critical mineral, and nuclear energy resources — or that are otherwise inconsistent with the policy set forth in section 2 of this order, including restrictions on consumer choice of vehicles and appliances.").

## ORDER

Accordingly, because SUWA timely sought intervention and has protectable environmental interests in the litigation that may be impaired or impeded, which are not adequately represented by other parties, the Motion to Intervene[45] is GRANTED.

When a Scheduling Order is entered, all relevant deadlines for the BLM and DOI shall apply to SUWA.

Signed April 21, 2025.

BY THE COURT

David Nuffer
United States District Judge

---

[45] [Proposed Intervenor-Defendant's] Motion to Intervene and Memorandum in Support ("Motion to Intervene"), docket no. 10, filed March 10, 2025.