THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BLUERIBBON COALITION, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF LAND MANAGEMENT, et al.,<br><br>Defendants,<br><br> and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>Intervenor-Defendant. | **ORDER GRANTING JOINT MOTION FOR SCHEDULING ORDER and SCHEDULING ORDER IN AN ADMINISTRATIVE CASE UNDER DUCivR 7-4**<br><br>Case No. 4:25-cv-00022-DN<br><br>District Judge David Nuffer |

Pursuant to Rule 7-4(c) of the Local Rules of Civil Practice of the United States District Court for the District of Utah, the parties submitted their Joint Motion for Scheduling Order in An Administrative Case Under DUCivR7-4 ("Motion")[1] The Motion is hereby GRANTED.

IT IS HEREBY ORDERED:

## I.    Agency Decision Challenged

Plaintiffs BlueRibbon Coalition Inc., et al. challenge Defendants the United States Bureau of Land Management, et al. ("BLM") December 31, 2024 Decision Record ("DR") adopting the San Rafael Swell Travel Management Plan ("TMP").

---

[1] Docket No. 30, filed May 28, 2025.

## II.    Plaintiffs' Grounds for Challenging Agency Decision

Plaintiffs raise claims challenging the TMP and DR based on the following authorities: (1) the John D. Dingell, Jr. Conservation, Management, and Recreation Act, 16 U.S.C. §§ 1211, 1132; (2) the "arbitrary and capricious" standard under the Administrative Procedure Act, 5 U.S.C. § 706(2); and (3) the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq. See* Complaint, ECF No. 1.

## III.    Plaintiffs' Motion for Preliminary Injunction

Plaintiffs moved for a preliminary injunction seeking to enjoin implementation of the TMP.[2]  Defendants and Intervenor-Defendant opposed Plaintiffs' Motion.[3]  Plaintiffs filed a reply in support of their Motion.[4]  Plaintiffs and Defendants have stated that they believe the Motion can be resolved through written briefs and have not requested oral argument.[5]

## IV.    Statements of Position in Response to Complaint

Defendants deny that BLM's decision and agency action to approve the TMP and DR "is arbitrary and capricious, not supported by substantial evidence, or otherwise contrary to law."[6] Defendants allege the following affirmative defenses: (1) Plaintiffs fail to state a claim upon which relief may be granted; (2) Plaintiffs lack standing to bring all or some of their claims; (3) Plaintiffs have failed to properly establish subject matter jurisdiction; and (4) Plaintiffs have failed to demonstrate that some or all of their claims are ripe for judicial review.[7]

---

[2] *See* Docket No. 4.
[3] *See* Docket Nos. 21, 24.
[4] *See* Docket No. 26.
[5] *See* Docket No. 19.
[6] Defendants' Statement of Position 2, Docket No. 28.
[7] *Id.*

Intervenor-Defendant likewise denies that the TMP and DR was arbitrary, capricious or otherwise contrary to law with regard to "the aspects . . . challenged by Plaintiffs[.]"[8] Intervenor-Defendant also raises the following affirmative defenses: (1) Plaintiffs fail to state a claim upon which relief may be granted for all or some of the claims in the complaint; and (2) all or some of Plaintiffs' claims are not justiciable.[9]

## V.    Filing Dates of Relevant Documents

a.  Defendants transmit the Administrative Record ("AR") to Counsel: **September 12, 2025**

b.  Conferral with Defendants on AR Contents: **October 10, 2025**

c.  Defendants' lodging of the AR with the Court: **October 31, 2025**

d.  Motion to Supplement or Amend the AR: **November 21, 2025**.  If such a motion is filed, the remainder of the schedule set out below is vacated and parties will submit a new Proposed Scheduling Order within 14 days of the Court's Order on the AR Motion.

e.  Plaintiffs' Opening Brief: **January 22, 2026**

f.  Defendants' Response Brief: **March 20, 2026**

g.  Intervenor-Defendant's Response Brief: **April 3, 2026**.  Intervenor-Defendant's Response Brief shall strive to not be duplicative of the Defendants' Response Brief.

h.  Plaintiffs' Reply Brief: **May 1, 2026**

Signed June 17, 2025.

BY THE COURT

District Judge David Nuffer

---

[8] Intervenor-Defendant's Response to Plaintiff's Complaint, Docket No. 29.
[9] *Id.*

3