ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

PAUL A. TURCKE
Trial Attorney
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (202) 532-5994
paul.turcke@usdoj.gov

*Attorneys for Defendants*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION, SOUTHERN REGION

| | |
|---|---|
| BLUERIBBON COALITION, INC., | Case No. 4:25-cv-00022-DN |
| Plaintiff, | |
| v. | |
| BUREAU OF LAND MANAGEMENT, et al., | **DEFENDANTS' SECOND UNOPPOSED MOTION TO AMEND ADMINISTRATIVE APPEAL SCHEDULING ORDER** |
| Defendants, | |
| and | |
| SOUTHERN UTAH WILDERNESS ALLIANCE, | |
| Intervenor-Defendant. | District Judge David Nuffer |

This case challenges the U.S. Bureau of Land Management ("BLM") 2024 Decision

Record ("DR") on the San Rafael Swell Travel Management Plan ("Swell TMP"). *See* Compl.

¶¶ 1, 25, Dkt. 1. Defendants hereby move for an order to amend the current administrative case

scheduling order as specified below.  Plaintiff does not oppose this motion; Intervenor-
Defendant Southern Utah Wilderness Alliance takes no position on the motion.

Prior to the lapse in appropriations funding the federal government, the Court had granted
Defendants' unopposed motion to amend the administrative case scheduling order, Dkt. 34.  That
schedule established a deadline of October 14, 2025, for Defendants to transmit the
administrative record to counsel.  *Id*.  However, that deadline lapsed and was subject to the stay
of proceedings pursuant to General Order 25-005.  Following the restoration of appropriations,
"any deadlines that lapsed during the shutdown [were] extended by fifty days starting November
13, 2025," and the parties were directed to confer regarding any affected deadlines and propose a
"new stipulated timeline with the Court."  Text Order, Dkt. 35.  The amended schedule reflects
counsels' efforts.

Two reasons justify adoption of the amended schedule.  First, an additional case was filed
on September 8, 2025, challenging the same agency action.  *See State of Utah v. Burgum*, Case
No. 4:25-cv-00106-AMA-PK.  Counsel have conferred regarding consolidation or coordination
of the schedules in the two cases, but have yet to agree on whether or how to pursue those goals.
Second, BLM has recently taken steps signaling the likelihood and nature of new agency
action(s) involving multiple Utah travel management plans.  The two cases challenging the Swell
TMP exist alongside four other District of Utah cases involving other BLM travel management
plans.  *See* Case No. 2:23-cv-00923-DAK (lead), *consolidated with* No. 4:24-cv-DAK
(Labyrinth/Gemini Bridges TMP); Case No. 2:24-cv-00172-TS-DAO (San Rafael Desert TMP);
Case No. 4:25-cv-00044-AMA-PK (Henry Mountains/Fremont Gorge TMP).  More specifically,
on September 24, 2025, BLM published "route reassessment" materials to the BLM Eplanning
website for the Labyrinth/Gemini Bridges TMP.  *See* https://eplanning.blm.gov/eplanning-

ui/project/2001224/570 (last visited January 2, 2026).  In that effort, "BLM is reassessing whether certain routes currently designated as closed or limited to off highway vehicles should be redesignated as open to OHV use" through a process including a comment period that ended on October 24, 2025.  *See id.*, BLM Public Announcement (attached hereto as Exhibit 1).  "If BLM concludes that any designations should change, the agency will issue a new decision amending the [Labyrinth TMP]."  *Id*.  A published list of "routes proposed for redesignation" includes over 200 route segments, totaling approximately 148.24 miles.  *See* Exhibit 2 hereto.

Although BLM has not yet published similar materials with respect to the Swell TMP challenged in this lawsuit, the agency is likely to reassess whether certain routes in the challenged 2024 DR should be redesignated.  And if BLM concludes that any designations in the 2024 DR should change, BLM will issue a new decision amending the Swell TMP.

Rather than proceeding with litigation in this case given the likelihood of a new BLM decision amending the Swell TMP, Defendants request that the Court amend the current litigation schedule.  The additional time under the amended schedule will facilitate efforts to address any challenges to the Swell TMP in consolidated cases, or through coordinated schedules.  Therefore, the amended schedule will conserve the resources of the Court and the parties, and is in the public interest.  Courts have broad discretion to stay proceedings and to defer judicial review in the interest of justice and efficiency.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 388 (D.C. Cir. 2012) (premature and unnecessary judicial review "would

hardly be sound stewardship of judicial resources"). The additional time under the amended schedule is appropriate here because any changes to the Swell TMP may lead to dismissal of the current litigation and/or realignment of the parties' positions on the challenged DR. Deferring litigation while BLM determines whether to conduct reassessment of the Swell TMP would conserve the resources of the Court and the parties – there is little point in proceeding with the litigation to consider the lawfulness of an agency action that BLM has signaled may change. And it would be even more inefficient to proceed with litigation addressing that action, that may change, in two different cases assigned to two different judges. Finally, any extension of proceedings in these cases would not cause prejudice to any party because it appears that the current "route designations will remain in effect during the reassessment process." Exhibit 1.

    For the above reasons, Defendants move to extend the deadlines in this case for approximately 30 days, as reflected in the following amended schedule:

a. Defendants transmit the Administrative Record ("AR") to Counsel: **February 2, 2026**

b. Conferral with Defendants on AR Contents: **March 2, 2026**

c. Defendants' lodging of the AR with the Court: **March 23, 2026**

d. Motion to Supplement or Amend the AR: **April 13, 2026**. If such a motion is filed, the remainder of the schedule set out below is vacated and parties will submit a new Proposed Scheduling Order within 14 days of the Court's Order on the AR Motion.

e. Plaintiffs' Opening Brief: **June 12, 2026**

f. Defendants' Response Brief: **August 11, 2026**

g. Intervenor-Defendant's Response Brief: **August 25, 2026**. Intervenor-Defendant's Response Brief shall strive to not be duplicative of the Defendants' Response Brief.

h. Plaintiffs' Reply Brief: **September 24, 2026**

Undersigned counsel has conferred with counsel for the other parties to this litigation. Counsel for Plaintiff the BlueRibbon Coalition, Inc., have indicated that it does not oppose this motion. Counsel for Intervenor-Defendant Southern Utah Wilderness Alliance has indicated that it takes no position on the motion.

Respectfully submitted this 2nd day of January 2026.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Paul A. Turcke*
PAUL A. TURCKE, Trial Attorney
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (202) 532-5994
paul.turcke@usdoj.gov

*Attorneys for Defendants*

5