# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| BLUERIBBON COALITION, INC., et al., <br><br>Plaintiffs, <br><br>v. <br><br>BUREAU OF LAND MANAGEMENT, et al., <br><br>Defendants, <br><br>and <br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, <br><br>Intervenor-Defendant. | **ORDER DENYING DEFENDANTS' [38] MOTION TO CONSOLIDATE AND ORDERING TRANSFER OF CASE NO.** 4:25-cv-106-AMA-PK <br><br>Case No. 4:25-cv-00022-DN <br>District Judge David Nuffer <br><br>Copy to be filed in 4:25-cv-106-AMA-PK |

Defendants United States Bureau of Land Management and U.S. Department of the Interior filed a Motion to Consolidate the above-captioned case with *State of Utah v. Burgum*, No. 4:25-cv-106-AMA-PK (the "Motion").[1] Plaintiffs BlueRibbon Coalition, Inc.; Sage Riders Motorcycle Club, and Paul Wells (collectively "BlueRibbon") in Case Number 4:25-cv-00022, have not opposed Defendants' Motion.[2] SUWA, an Intervenor-Defendant in both cases, has also not opposed the motion.[3]

Plaintiffs in Case Number 4:25-cv-00106—the State of Utah, Utah School and Institutional Trust Lands Administration, Emery County, and Sevier County (collectively the

---

[1] Docket no. 38, filed January 12, 2026.
[2] *Id.* at 2.
[3] *Id.* at 2.

"State")—filed their Response to Motion to Consolidate, arguing against consolidation.[4] Although fashioned as a response, it reads like an objection.[5] The State explains in its Response that it "takes no position on Defendants' Motion" but "declines to join the Motion to Consolidate."[6] The gives several reasons why consolidation would "pose more than a negligible risk of delay, confusion, or prejudice because the sovereign interest of the State cannot be satisfied by resolution of the claims" in the lowest-numbered case.[7]

In making the determination of whether consolidation is appropriate under the District of Utah's local rules, a court considers whether the cases:

> (1) [A]rise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges.[8]

Both parties both cite to *Stern v. Academy Mortg. Corp.*, 2:24-cv-15, 2024 WL 3046174, at *3 (D. Utah June 18, 2024) (unpublished), in support of their claims for or against consolidation. *Stern* consolidated three putative class actions because , "[o]nly a negligible risk of delay, confusion, or prejudice weighs against the benefits of consolidating the[se] cases."[9]

The State agrees in their Response that these cases involve certain common questions of law and fact, but warns that the State's sovereign interests differ from BlueRibbon's interests.[10] The State argues that their Complaint includes "unique claims related to states' rights and duties under the Federal Land Policy and Management Act and National Environmental Policy Act,

---

[4] Response to Motion to Consolidate ("Response"), docket no. 40, filed January 15, 2026.
[5] *See generally id.*
[6] *Id.*
[7] *Id.* at 3.
[8] *Stern*, 2024 Wl30346174 at *3.
[9] *Id.*
[10] Response at 2, docket no. 40.

property rights, and Fifth Amendment takings."[11] The State submits that these claims "are so diverse that consolidation risks the best interests of the parties and the court."[12] The State also contends that the Plaintiffs in both matters are seeking different remedies:

> A full and complete resolution of the claims in the BlueRibbon case would fail to remedy the State's lost economic value in School and Institutional Trust Lands; it would fail to remedy the scope of rights-of-way; it would fail to compensate for taking under the Fifth Amendment; it would not provide the State with a management plan; and it would not protect the State's historic properties, scientific heritage, or culture[13]

These remedies differ from those sought by the BlueRibbon Plaintiffs.[14] Between the differing underlying questions of law and remedies sought, consolidation of the cases could create risks of delay, confusion, and potential prejudices to the plaintiffs, in both matters, all of which outweigh consolidation.

Neither party mentions transferring the case as an alternative option, but under DUCivR 83-2(e)(3), "The court may enter an order of transfer on its own." The Rule states "the judges assigned to the cases will confer about the appropriateness of"[15] a transfer motion. Though no transfer motion was filed, I have conferred with Judge Allen. Once entered, a transfer order becomes "effective 14 days after service unless an objection is filed within that time."[16] "If a timely objection is filed, no transfer will occur until the judge assigned to the lowest-numbered case rules on the objection."[17] Transfer would not prevent consolidation of aspects of the cases,

---

[11] *Id.*
[12] *Id.*
[13] *Id.* at 3.
[14] *Compare* Complaint, Case No. 4:25-cv-00022, docket no. 1, filed March 5, 2025; *with* Case No. 4:25-cv-00106, docket no. 2, filed September 8, 2025
[15] DUCivR 83-2(e)(2).
[16] DUCivR 83-2(e)(3).
[17] *Id.*

such as discovery, motions, or trial proceedings. The magistrate judge will be directed to hold a case management conference, after the parties meet and confer, to discuss those possibilities.

### ORDER

IT IS HEREBY ORDERED that the Motion[18] is DENIED, and case number 4:25-cv-00106 is TRANSFERRED to Judge Nuffer. This order will be "effective 14 days after service unless an objection is filed within that time."[19]

IT IS FURTHER ORDERED that the parties to these cases shall meet and confer regarding possible joint action in the cases and thereafter file a motion for case management conference before the magistrate judge.

Signed this 12th of February 2026.

BY THE COURT

David Nuffer
United States District Judge

---

[18] Docket no. 38, filed January 12, 2026.
[19] DUCivR 83-2(e)(3).