ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

PAUL A. TURCKE
Trial Attorney
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (202) 532-5994
paul.turcke@usdoj.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION, SOUTHERN REGION

| | |
|---|---|
| BLUERIBBON COALITION, INC.,  Plaintiff,  v.  BUREAU OF LAND MANAGEMENT, et al.,  Defendants,  and  SOUTHERN UTAH WILDERNESS ALLIANCE,  Intervenor-Defendant. | Case No. 4:25-cv-00022-DN-PK  **DEFENDANTS' MOTION TO STAY PROCEEDINGS**  District Judge David Nuffer Magistrate Judge Paul Kohler |

This case challenges the U.S. Bureau of Land Management ("BLM") 2024 Decision Record ("DR") on the San Rafael Swell Travel Management Plan ("Swell TMP"). *See* Compl. ¶¶ 1, 25, Dkt. 1. Defendants hereby move to stay of further proceedings in this case. Intervenor-

Defendant Southern Utah Wilderness Alliance takes no position on the motion, but Plaintiff has indicated it intends to oppose this motion.

Courts have broad discretion to stay proceedings and to defer judicial review in the interest of justice and efficiency. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 388 (D.C. Cir. 2012) (premature and unnecessary judicial review "would hardly be sound stewardship of judicial resources"); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Defendants recently moved to consolidate this case with another challenging the Swell TMP. While the Court declined to consolidate the cases, it did order transfer so that the two cases now reflect the same judicial assignment. *See* Order Denying Defs.' Mot. to Consolidate and Ordering Transfer, *BlueRibbon Coalition v. U.S. Bureau of Land Management*, No. 4:25-cv-22-DN-PK, Dkt. 38. Defendants therefore believe this is an appropriate juncture at which to put the cases on the same procedural track, and to stay proceedings in anticipation of a future decision affecting the challenged BLM decision. Doing so will conserve the resources of the parties and the Court, and ensure that any litigation that does proceed will address the operative agency action. Defendants have filed an unopposed motion to stay proceedings in the other case challenging the Swell TMP, *State of Utah v. Burgum*, No. 4:25-cv-00106-DN-PK.

However, the BlueRibbon Coalition has indicated it will oppose a stay of proceedings. By doing so, it apparently seeks to revisit similar (unsuccessful) opposition to an ongoing stay of its lawsuit challenging the earlier-issued September 2023 Labyrinth/Gemini Bridges TMP.

There, plaintiffs unsuccessfully moved for a preliminary injunction, *BlueRibbon Coal., Inc. v. U.S. Bureau of Land Mgmt.*, No. 2:23-cv-923-DAK-JCB, 2024 WL 1197862 (D. Utah Mar. 20, 2024), and merits briefing was completed in early 2025. When the Court set oral argument, Defendants moved for a continuance, in part, "to allow BLM time to assess its position with respect to defending the travel management plan." Mem. Decision and Order 2, No. 2:23-cv-923-DAK-JCB, Dkt. 91, Ex. 1 hereto. The Court granted BLM's request, reasoning that "if the parties and court go forward with the oral argument and the court upholds the travel management plan, it could all be for naught if BLM reverses its position and decides not to defend it on appeal. That unnecessary effort is the definition of judicial inefficiency." *Id*. In September 2025 BLM provided reassessment information on its planning website and invited public comment. *See* Decl. of Matthew Preston ¶ 5, Ex. 2 hereto, Dkt. 46-2. And that effort is far from trivial, with the Labyrinth "routes proposed for redesignation" including over 200 route segments, totaling approximately 148.24 miles. *See* Defs.' Second Unopposed Mot. to Amend Administrative Appeal Scheduling Order 3, Dkt. 36. In Labyrinth, BLM is reviewing public comments "and intends to finalize the reassessment in the coming months." Preston Decl. ¶ 5. BLM has started a similar reassessment for the Swell TMP, and while it "has not yet invited the public to submit further information" on routes with off-highway vehicle restrictions (or closures) for the Swell TMP it "intends to do so in a process similar" to the Labyrinth reassessment. *Id*. ¶ 5.

      All of this would seem clear enough, but the BlueRibbon plaintiffs recently objected to BLM's request to extend the stay of the Labyrinth litigation. Again, the Court granted BLM's request, reiterating that proceeding to litigate a challenge to decision that BLM is reassessing "would be the definition of judicial inefficiency." Order 2, No. 2:23-cv-923-DAK-JCB, Dkt.

3

101, Ex. 3 hereto.  The same is true here.  The route reassessment process raises the possibility of meaningful changes to the TMP.  A stay is appropriate because those potential changes may lead to dismissal of the current litigation and/or realignment of the parties' positions on the TMP.  While plaintiff(s) may be frustrated by the timing or uncertainty of the reassessment process, it is hard to see how proceeding with litigation offers them any advantage.

For all these reasons, Defendants respectfully request entry of an order staying further proceedings in this case.  For consistency with the stay orders in other BLM travel management cases, Defendants seek an order that stays further proceedings, provided that Defendants shall file a status report within 5 days of the issuance of an announcement regarding the TMP reassessment process, or 60 days from an order on this motion, whichever occurs first.

Respectfully submitted this 2nd day of March 2026.

>ADAM R.F. GUSTAFSON
>Principal Deputy Assistant Attorney General
>United States Department of Justice
>Environment & Natural Resources Division
>
> */s/ Paul A. Turcke*
>PAUL A. TURCKE
>Trial Attorney
>Natural Resources Section
>1290 West Myrtle Street, Suite 500
>Boise, ID 83702
>Tel: (202) 532-5994
>paul.turcke@usdoj.gov
>
>*Attorneys for Defendants*