Isabella Eldridge (Utah Bar No. 19517)
BLUERIBBON COALITION, INC
800 W Main Street, Suite 1640
Boise, ID 83702
Telephone: (405) 464-9060
Email: bella.eldridge@blueribboncoalition.org

*Attorney for BlueRibbon Coalition, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**
**CENTRAL DIVISION, SOUTHERN REGION**

| | |
|---|---|
| BLUERIBBON COALITION, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BUREAU OF LAND MANAGEMENT, *et al.*, <br><br> Defendants, <br><br> and <br><br> SOUTHERN UTAH WILDERNESS ALLIANCE, <br><br> Defendant-Intervenor. | Case No. 4:25-cv-00022-DN-PK <br><br> **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS** <br><br> District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Defendants seek a stay of these proceedings based on a purported reassessment of routes under the San Rafael Swell Travel Management Plan ("Swell TMP"). *See* Defendants' Motion to Stay Proceedings, Dkt. 46. According to Defendants, a stay would promote judicial efficiency because the Bureau of Land Management ("BLM") intends to undertake a reassessment process like the one currently underway in the Labyrinth Rim/Gemini Bridges litigation ("Labyrinth"). *See*

1

*BlueRibbon Coalition, Inc. v. U.S. Bureau of Land Mgmt.*, No. 2:23-cv-923-DAK-JCB (D. Utah Mar. 20, 2024). That comparison, however, is misplaced.

In Labyrinth, BLM initiated a formal and publicly documented reassessment process in 2025 and, by September, had solicited public feedback on routes designated as OHV-limited and OHV-closed. The agency is now reviewing those comments and intends to finalize the reassessment in the coming months. *See* Decl. of Matthew Preston ¶ 5, Dkt. 46-2. Thus, when the stay in that case was sought, the agency had already begun a concrete and transparent reconsideration process.

That process is nonexistent here, as BLM has not formally initiated a reassessment of the Swell TMP. No routes have been publicly identified for reconsideration, no public comment process has been opened, and no schedule or timeline has been provided. Instead, Defendants rely solely on a generalized representation that the agency may undertake a similar process at some point in the future: "While the agency has not yet invited the public to submit further information on routes designated as OHV-limited and OHV-closed in the San Rafael Swell TMP, the agency intends to do so in a process similar to what it has done with the Labyrinth Rims/Gemini Bridges TMP reassessment." *Id*. ¶ 6. Vague statements of future intent do not amount to the kind of active reassessment that would justify suspending judicial review.

Additionally, Defendants place significant weight on the Court's characterization of continuing litigation in Labyrinth as "the definition of judicial inefficiency." *See* Order 2, No. 2:23-cv-923-DAK-JCB, Dkt. 101. But that ruling was expressly premised on the existence of a concrete, ongoing reassessment process. The court's efficiency rationale in Labyrinth was therefore tethered to the reasonable expectation that the agency's reassessment would produce a decision soon. No such foundation exists here. Where BLM has not yet initiated any public process, has identified

2

no routes for reconsideration, and has provided no timeline, there is no concrete basis to conclude that a stay would avoid unnecessary litigation rather than merely defer it indefinitely.

Defendants' request also does not account for the full governing standard for a stay. Courts possess inherent authority to manage their dockets, but that authority requires the Court to "weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936). And a party seeking a stay must demonstrate "a clear case of hardship or inequity in being required to go forward," particularly where there is "even a fair possibility that the stay for which he prays will work damage to someone else." *Span-Eng Assocs. v. Weidner*, 771 F.2d 464, 468 (10th Cir. 1985) (quoting *Landis* 299 U.S. at 255).

Defendants fail to show the requisite hardship or inequity here. Allowing this case to proceed through ordinary judicial review imposes no cognizable hardship on Defendants; at most, it requires them to litigate the case they are already defending. By contrast, there is a clear possibility that a stay would prejudice Plaintiffs. This case has already experienced significant delays due to multiple extensions of the scheduling order, with the original being docketed ten months ago. *See* Joint Motion for Scheduling Order in an Administrative Case Under DUCivR 7-4, Dkt. 30 (May 28, 2025). In addition, briefing on Plaintiffs' Motion for a Preliminary Injunction concluded on April 24, 2025, and Plaintiffs still await a ruling. *See* Order Granting Joint Motion for Scheduling Order on Plaintiffs' Motion for Relief Under 5 U.S.C. § 705, or, Alternatively, a Preliminary Injunction, Dkt. 20. Although Plaintiffs recognize that extensions are not technically the same as a stay, the three extensions granted to date have effectively operated as such. *See* Defs.' Motion to Amend Administrative Appeal Scheduling Order, Dkt. Nos. 33, 36, 41. Granting yet another delay would only prolong the uncertainty surrounding the Swell TMP and further postpone resolution of the claims before the Court.

Moreover, the existence of a stay in Labyrinth does not justify imposing one here. Although both cases arise from travel management decisions issued by the same agency, they involve different travel plans, separate administrative records, and distinct claims presenting different legal questions. Defendants have also sought a similar stay in the State of Utah's separate challenge to the Swell TMP, and the State has indicated it does not oppose that request. See Defs.' Unopposed Motion to Stay Proceedings, Dkt. 25, *State of Utah v. Burgum*, No. 4:25-cv-00106-DN-PK. But the State's position provides no basis to stay Plaintiffs' claims here. As this Court's order declining consolidation reflects, the two cases present sufficiently distinct legal questions to warrant separate treatment: "Between the differing underlying questions of law and remedies sought, consolidation of the cases could create risks of delay, confusion, and potential prejudices to the Plaintiffs, in both matters…." *See* Order Denying Defs.' Motion to Consolidate and Ordering Transfer of Case No. 4:25-cv-106-AMA-PK. Given those differences, allowing this case to move forward would not affect the rights of any party in either the Labyrinth or State of Utah proceedings, nor would the resolution of either matter determine the rights of the parties before this Court. And "only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. This is not such a circumstance.

Defendants further suggest that the reassessment process "raises the possibility of meaningful changes to the TMP" that could lead to dismissal of this litigation or realignment of the parties' positions. *See* Defs.' Motion to Stay Proceedings, Dkt. 46. But speculation about what an agency might do in the future is not a sufficient basis for suspending judicial review of what the agency has already done. The Swell TMP is a final agency action before this Court, and Plaintiffs raise several novel legal claims that merit resolution. If BLM ultimately revises the TMP

4

through a new decision-making process, Plaintiffs' claims against the current decision may become moot at that time, and the Court can address that question if and when it arises. But it would be improper to preemptively halt review of a final agency action on the basis that the agency may someday replace it.

In short, Defendants have not demonstrated any meaningful hardship that would result from allowing this case to proceed, while there is at least a fair possibility that a stay would prejudice Plaintiffs through additional delay. For these reasons, Plaintiffs respectfully request that Defendants' motion be denied.

Respectfully submitted this 12th day of March 2026.

> */s/ Isabella Eldridge*
> ISABELLA ELDRIDGE
> BlueRibbon Coalition, Inc.
> 800 W Main Street, Suite 1640
> Boise, ID 83702
> Tel: (405) 464-9060
> bella.eldridge@blueribboncoalition.org
>
> *Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of March 2026, I electronically filed the foregoing document with the Clerk of the Court via the CM/ECF system, which will serve a copy of the same on all counsel of record.

                                            */s/ Isabella Eldridge*
                                            Isabella Eldridge