ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

PAUL A. TURCKE
Trial Attorney
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (202) 532-5994
paul.turcke@usdoj.gov

*Attorneys for Defendants*

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION, SOUTHERN REGION**

| | |
|---|---|
| BLUERIBBON COALITION, INC., <br><br> Plaintiff, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT, et al., <br><br> Defendants, <br><br> and <br><br> SOUTHERN UTAH WILDERNESS ALLIANCE, <br><br> Intervenor-Defendant. | Case No. 4:25-cv-00022-DN-PK <br><br><br> **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS** <br><br><br><br> District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

This matter is before the Court on Defendants' Motion to Stay Proceedings, Dkt. 46

("Defs.' Mot."). Intervenor-Defendant Southern Utah Wilderness Alliance takes no position on

the motion, but Plaintiff has filed a response in opposition, Dkt. 47 ("Pl.'s Resp."). Defendants

provide a reply to Plaintiffs' response.  In short, there is neither a legal basis nor practical benefit that would support forcing this case to proceed with litigation, when the Bureau of Land Management ("BLM") has explained that it intends to take action to modify or supersede the challenged agency decision.

BLM has shown a sufficient likelihood of making a new decision to justify a stay.  It seems undisputed that BLM is taking specific steps to reassess identified route designations for the Labyrinth Rims/Gemini Bridges Travel Management Plan ("Labyrinth TMP"), and BLM has stated that it has started such a process for the San Rafael Swell TMP at issue in this case.  *See* Decl. of Matthew Preston ¶¶ 5-6, Dkt. 46-2.  Plaintiff characterizes all this as no more than "[v]ague statements of future intent," Pl.'s Resp. 2, but provides no authority suggesting this information falls short of a relevant legal standard, and fails to acknowledge the details of BLM's reassessment process.  As previously described, the Labyrinth TMP reassessment presents over 200 route segments totaling approximately 148.24 miles proposed for redesignation from a "closed" to an "open" or "limited" designation for off-highway vehicle use. *See* Defs.' Second Unopposed Mot. to Amend Administrative Appeal Scheduling Order, Ex. 2, Dkt. 36-2.

In significant part, Plaintiff characterizes the stay of proceedings in the litigation challenging the Labyrinth TMP as being "expressly premised on the existence of a concrete, ongoing reassessment process."  Pl.'s Resp. 2.  But this characterization is simply wrong.  It was May 2025 when Judge Kimball first made the determination that proceeding with litigation over the Labyrinth TMP would lead to "unnecessary effort" and be "the definition of judicial inefficiency."  Defs.' Mot., Ex. 1 at 2, Dkt. 46-1.  As Plaintiff acknowledges, the Labyrinth TMP reassessment process was not "concrete" (or even announced) until September 2025.  Moreover,

the request before the Court in May 2025 was to continue argument *in a case that was fully briefed*. *See id*. (explaining that the administrative appeal was briefed, "[b]ut BLM timely moved to continue the hearing after the court set the matter for oral argument"). And even at that stage of the proceedings, there remained "a significant amount of work to be done in the case and a potential appeal of this court's decision." *Id*. In contrast, this litigation is in its early stages, with the next step being to produce the administrative record. In short, unlike in the Labyrinth litigation, BLM could be in the position of issuing a new decision that modifies or supersedes the challenged agency decision before briefing would even be complete in this case, and likely before the Court would be ready to issue a ruling.

Plaintiff is frustrated at the pace of BLM's reassessment process and/or this litigation, but fails to grapple with several basic realities. Even if litigation resumes now, it would take months to get to the point where oral argument was continued in the Labyrinth TMP litigation. And based on Mr. Preston's declaration, there is a reasonable likelihood that within that timeframe BLM will be much further along in, if not finished with, the San Rafael Swell TMP reassessment process. And even if Plaintiff's hope is that the litigation can move at about the same pace, or more quickly, than the reassessment process, this ignores Judge Kimball's observation that rendering a decision "could all be for naught" if the agency makes a new decision. *Id*. In other words, Plaintiff ignores the fact that even once the case may be fully briefed and argued, the Court's substantial task of crafting an opinion only begins. And this too could take months, and yet become a potentially symbolic effort if the challenged San Rafael Swell TMP is modified in relevant part or superseded by a new BLM decision. *See Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1213 (10th Cir. 2005) (vacating a district court decision finding the 2001 Forest

3

Service Roadless Rule unlawful when the agency promulgated a new rule during the pendency of the appeal from the district court's judgment).

Finally, Plaintiff fails to show that continuing to await a new BLM decision will cause it to suffer undue prejudice.  Plaintiff raises generalized frustrations about having to comply with the challenged Plan, but similar arguments were "previously rejected when [the court] denied Plaintiff's motion for preliminary injunction" in the Labyrinth TMP litigation.  Defs.' Mot., Ex. 3 at 2, Dkt. 46-3.  The outcome should be no different here where Plaintiff's motion for preliminary injunction remains under advisement.  *See* Pl.'s Resp. 3.  In both instances, Plaintiff has sought the extraordinary remedy of a preliminary injunction to avert what it alleges will constitute irreparable injury arising from the inability to ride on certain routes previously designated for motorized use.  The Court's unwillingness to award that extraordinary relief parallels Plaintiff's inability to demonstrate prejudice from a stay of proceedings.

For all these reasons, the Court should properly exercise its discretion, consistent with the other BLM travel management cases pending before several different judges, to enter an order staying further proceedings in this case and providing that Defendants file a status report within 5 days of the issuance of an announcement regarding the San Rafael TMP reassessment process, or 60 days from an order on this motion, whichever occurs first.

Respectfully submitted this 26th day of March 2026.

> ADAM R.F. GUSTAFSON
> Principal Deputy Assistant Attorney General
> United States Department of Justice
> Environment & Natural Resources Division
>
> */s/ Paul A. Turcke*
> PAUL A. TURCKE
> Trial Attorney
> Natural Resources Section
> 1290 West Myrtle Street, Suite 500

Boise, ID 83702
Tel: (202) 532-5994
paul.turcke@usdoj.gov

*Attorneys for Defendants*