THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BLUERIBBON COALITION, INC., et al., <br><br>     Plaintiffs, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT, et al., <br><br>     Defendants, <br><br> and <br><br> SOUTHERN UTAH WILDERNESS ALLIANCE, <br><br>     Intervenor-Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' [46] MOTION TO STAY PROCEEDINGS** <br><br><br> Case No. 4:25-cv-00022-DN-PK <br> District Judge David Nuffer |

Defendants United States Bureau of Land Management ("BLM") and U.S. Department of the Interior (collectively "United States") filed a Motion to Stay the Proceedings in the above-captioned case ("Motion") because the disputed San Rafael Swell Travel Management Plan ("Swell TMP") is being reassessed.[1] Plaintiffs BlueRibbon Coalition, Inc., Sage Riders Motorcycle Club, and Paul Wells (collectively "BlueRibbon") oppose the United States' Motion.[2]

The United States has filed a similar, but unopposed, motion to stay proceedings in another case brought by different plaintiffs (*State v. Burgum*, Case No. 4:25-cv-00106-DN-PK)

---

[1] Motion to Stay Proceedings ("Motion"), docket no. 46, filed March 2, 2026.

[2] Plaintiff's Response in Opposition to Defendants' Motion to Stay Proceedings ("Response") at 1, 5, docket no. 47, filed March 12, 2026.

which also involves a challenge to the Swell TMP.[3] SUWA, an Intervenor-Defendant, has not opposed the motion to stay in either case.[4]

## STANDARD OF REVIEW

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[5] Consideration of a stay, the Supreme Court has explained, "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[6]"[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else."[7]

A Tenth Circuit case, *Wyoming v. U.S. Dep't of Agr.*, cited by the United States in its Reply, addressed the mootness of an appeal after the agency adopted a new rule to replace the old rule that was the subject of the appeal.[8] The Tenth Circuit held that the appeal was moot: "For this court to render a decision on the validity of the now nonexistent Roadless Rule would constitute a textbook example of advising what the law would be upon a hypothetical state of facts rather than upon an actual case or controversy."[9] The Tenth Circuit mooted the appeal,

---

[3] Motion at 2; *see also State v. Burgum*, Case No. 4:25-cv-00106-DN-PK, Defendants' Unopposed Motion to Stay Proceedings ("Unopposed Motion"), docket no. 25, filed March 2, 2026 (D. Utah).

[4] Motion at 2; *see also* Unopposed Motion at 2.

[5] *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

[6] *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

[7] *Id.*

[8] *Wyoming v. U.S. Dep't of Agr.*, 414 F.3d 1207, 1211 (10th Cir. 2005); Reply at 3.

[9] *Id.* at 1212 (quoting *Camfield v. City of Okla. City,* 248 F.3d 1214, 1223 (10th Cir.2001)).

vacated the underlying judgment, and remanded the mooted claims for dismissal without prejudice.[10]

## DISCUSSION

The United States argues a stay is appropriate to promote judicial efficiency because the BLM plans to begin reassessment of the Swell TMP, which would likely moot the cases and controversies related to the current Swell TMP. The BLM is reassessing other travel management plans in similar matters: "In September 2025 BLM provided reassessment information on its planning website and invited public comment[for the Labyrinth Rims/Gemini Bridges TMP]."[11] The Deputy State Director for the Division of Natural Resources for BLM has declared, "the agency intends to [reassess the Swell TMP] in a process similar to what it has done with the Labyrinth Rims/Gemini Bridges TMP reassessment."[12]

In the *BlueRibbon* Labyrinth/Gemini Bridges case, the district court ordered a continuance to "allow BLM time to assess its position with respect to defending the travel management plan.[13]" The United States argues that just as in the *BlueRibbon* Labyrinth/Gemini case, "[a] stay is appropriate because those potential changes may lead to dismissal of the current litigation and/or realignment of the parties' positions on the TMP."[14]

BlueRibbon disagrees.[15] BlueRibbon argues that this comparison is "misplaced," and that this case is unlike the *BlueRibbon* Labyrinth/Gemini matter because the BLM has not formally

---

[10] *Id*. at 1214.

[11] Motion at 2–3.

[12] Motion at Exhibit 2, Declaration of Matthew Preston ("Preston Declaration"), 3, ¶ 6, docket no 46-2, filed March 2, 2026.

[13] Motion at Exhibit 1, Mem. Decision and Order, No. 2:23-cv-923-DAK-JCB, 2, docket no. 46-1, filed March 2, 2026.

[14] Motion at 4.

[15] Response at 1.

initiated or publicly announced a reassessment process for the Swell TMP.[16] BlueRibbon also argues that the United States has failed to show that allowing this case to proceed will create "hardship or inequity" for it.[17]

BlueRibbon argues that inequity and hardship will result to it: "[A]nother delay would only prolong the uncertainty surrounding the Swell TMP and further postpone resolution of the claims before the Court."[18] The United States' Motion and Reply do not expressly speak in terms of "hardship or inequity" that would occur if this case is not stayed.[19] The United States, does however, argue that without a stay, the United States' reassessment of the Swell TMP, will result in judicial inefficiency and unnecessary effort by the parties.[20] "[I]f the parties and court go forward with the oral argument and the court upholds the travel management plan, it could all be for naught if BLM reverses its position and decides not to defend it on appeal."[21]

Although *Wyoming v. U.S. Dep't of Agr.* decided whether an *appeal* is moot, the principles in that case apply at the trial level. The United States has provided the declaration of Mr. Preston who states: "[t]he BLM has also begun reassessing certain route designations in the 2024 San Rafael Swell TMP."[22] If there is a reassessment of the Swell TMP, then just as in *Wyoming v. U.S. Dep't of Agr.*, "the alleged procedural deficiencies of the [current regulation become] irrelevant because the replacement [regulation is] promulgated in a new and separate

---

[16] *Id.* at 2.

[17] *Id.* at 3 (citing *Landis*, 299 U.S. at 254–55).

[18] *Id.* at 3.

[19] *See generally* Motion and Reply.

[20] Motion at 3; Reply at 2.

[21] Motion at 3 (quoting Exhibit 1, Mem. Decision and Order, No. 2:23-cv-923-DAK-JCB, 2, docket no. 46-1, filed March 2, 2026).

[22] Preston Declaration at 3, ¶ 6.

rulemaking process."[23] *Wyoming v. U.S. Dep't of Agr.*, provides a practical justification for a stay: if the rule changes, the case will likely become moot, leaving no durable relief.

The inequity for the United States and hardship on the court and parties (specifically, the cost of litigation and judicial inefficiency) by proceeding is greater than the inequity and hardship for Blue Ribbon from further delay in a judicial decision on the current Swell TMP which may soon be superseded.

### ORDER

IT IS HEREBY ORDERED that the Motion[24] is GRANTED. This stay is not without limits.

IT IS FURTHER ORDERED that the United States shall file a status report within 60 days of the date of this order providing an update of the reassessment process of the San Rafael Swell Travel Management Plan, and every 60 days thereafter until there is an announcement or decision made regarding the San Rafael Travel Management Plan.

If an announcement or decision is made in the interim, the United States will provide a status report within ten (10) days of any decision with an explanation of the procedural next steps, and all other parties may respond within fourteen (14) days of the United States' status report.

The stay may be re-evaluated at any time.

Dated April 27, 2026.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[23] *Wyoming, 414 F.3d at 1212.*

[24] Motion to Stay Proceedings, docket no. 46, filed March 2, 2026.